IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| D.S., E.W., and J.G.,<br><br>    Plaintiffs,<br><br>v.<br><br>WILDERNESS TRAINING & CONSULTING, LLC dba FAMILY HELP AND WELLNESS; WTC HOLDCO, LLC; SOLSTICE RTC, LLC aka SOLSTICE WEST; JOURNEY HOME WEST; and JOHN DOES 1–10,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO PROCEED ANONYMOUSLY**<br><br>Case No. 1:25-cv-00209-TC<br><br>Judge Tena Campbell |

  Before the court is a Motion for Leave to Proceed Anonymously filed by Plaintiffs D.S., E.W., and J.G. (ECF No. 2.) For the following reasons, the court grants the motion.

## LEGAL STANDARD

  Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). But under Rule 5.2 of the Federal Rules of Civil Procedure, minors must be named by initials unless the court orders otherwise. Fed. R. Civ. P. 5.2(a)(3). No provision in the Federal Rules of Civil Procedure permits "suits by persons using fictitious names or … anonymous plaintiffs." Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989). But there may be "exceptional circumstances warranting some form of anonymity in judicial proceedings." Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000). Such circumstances include cases "involving matters of a highly sensitive and personal nature …." Id. (cleaned up).

1

When deciding whether to preserve anonymity, the court weighs any exceptional circumstances against the public's interest in access to legal proceedings.  Id.  Courts enjoy discretion about whether to allow a plaintiff to proceed using a pseudonym.  U.S. Dep't of Just. v. Utah Dep't of Com., No. 2:16-cv-00611-DN-DBP, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (citing Lindsey v. Dayton-Hudson Corp., 592 F.2d 1118, 1125 (10th Cir. 1979)).  If a court grants permission for a plaintiff to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."  W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir. 2001).

## ANALYSIS

The court finds that this case implicates "exceptional circumstances" that weigh in favor of protecting the Plaintiffs' identities.

First, the majority of events that form the basis of the Plaintiffs' causes of action, which include allegations of child abuse and forced child labor trafficking, occurred when the Plaintiffs were minors.  (See Compl., ECF No. 1 at ¶¶ 9–11.)  As noted above, Rule 5.2(a)(3) requires litigants to protect the names of minors.  "Even if [a plaintiff] is no longer under the age of 18, courts recognize the appropriateness of preventing the names of minors from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors."  A.L. v. CIGNA Health & Life Ins. Co., No. 2:25-cv-924-JCB, 2025 WL 3101815, at *2 (D. Utah Nov. 6, 2025).

Second, the case turns on sensitive and personal medical concerns that weigh against the disclosure of the Plaintiffs' identities.  See id.

Finally, the Plaintiffs' identities are known to the Defendants, as the Plaintiffs all sought therapeutic treatment at facilities run by the Defendants. (See Compl. ¶¶ 1–8.) As a result, the Defendants will not be prejudiced by a decision to allow the Plaintiffs to proceed anonymously.

In sum, the public interest in access to the Plaintiffs' identities is substantially outweighed by the Plaintiffs' interest in protecting matters of a highly sensitive and personal nature. Accordingly, the court finds that the Plaintiffs should be allowed to proceed anonymously.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS the Plaintiffs' Motion for Leave to Proceed Anonymously. (ECF No. 2.)

2. Within 14 days from the date of this order, the Plaintiffs must file under seal with the court a document containing the Plaintiffs' full names. That filing shall remain under seal unless otherwise ordered.

DATED this 5th day of January, 2026.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge